**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOTI BAHADUR ROKIM-THAPA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-71127 <br><br> Agency No. A088-839-234 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Moti Bahadur Rokim-Thapa, a native and citizen of Nepal, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to when Maoists allegedly attacked Rokim-Thapa in 2005, whether Rokim-Thapa left his job after Maoists allegedly attacked him at his workplace in 2007, and whether another individual from Rokim-Thapa's class experienced harm. *See id*. at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). Rokim-Thapa's explanations for the inconsistencies do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Rokim-Thapa's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of Rokim-Thapa's CAT claim because it was based on the same testimony found not credible, and Rokim-Thapa does not point to any evidence establishing it is more likely than not he would be tortured by or with the consent or acquiescence of the

government if returned to Nepal.   *See Shrestha*, 590 F.3d at 1048-49.

       **PETITION FOR REVIEW DENIED**.